IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**ROBERT WARD**                                                                                                                                                                 **PLAINTIFF**

**VS.**                                 **4:22-CV-00477-BRW**

**CITY OF SHERWOOD, AR, ET AL.**                                                               **DEFENDANTS**

## PROTECTIVE ORDER

Defendant's motion for protective order (Doc. No. 7) is GRANTED.

The following governs pretrial discovery in this case (*i.e.*, produced documents, answered interrogatories, deposition testimony, and deposition exhibits):

1.    Confidential information is information that is normally kept secret and that derives independent value from being kept secret.[1] Some examples include social security numbers; medical and financial information; and trade secrets (like the recipe to Coca Cola or Colonel Sanders's fried chicken).

2.    To designate a document as one containing confidential information, the producing party must conspicuously mark the document's front page with the word "confidential" and provide the recipient with an index listing each page claimed to contain confidential information.

To designate an interrogatory answer as confidential, the answering party must insert the word "confidential" in brackets at the beginning of each answer claimed to contain confidential information.

To designate deposition testimony as confidential, the designating party must, within 15 days of receiving the transcript, provide all other parties with a copy marked "confidential" and

---

[1] See, e.g., 18 U.S.C. § 1839 (definition of trade secret).

an index of the page and line numbers claimed as confidential.  All deposition testimony must be treated as confidential until 15 days after the deposing party receives a copy of the transcript.

The parties must make every effort to limit claims of confidentiality to specific citations (*e.g.*, pages or sentences) rather than entire documents or large swaths of blank pages.  Making broad claims without a reasonable basis may well be met with stern measure.[2]

3.  It is the burden of the disclosing party to prove designated information is confidential; but the receiving party must treat confidential all designated information until the disclosing party removes its designation or a court rules that it is not confidential.

4.  Confidential information may not, without the written consent of the disclosing party or a court order, be given, shown, made available, or communicated to anyone except the following:

    a.    Anyone to whom the parties agree in writing or the Court orders;

    b.    The parties;

    c.    The parties' lawyers, their employees or agents who are assisting with this case;

    d.    <u>Any court</u> and its staff (including court reporters and recorders engaged for depositions)[3];

    e.    Witnesses who might testify in this case and to whom disclosure is reasonably necessary; and

    f.    The original author or recipient of the document.

---

[2] *See* Rule of Civil Procedure 26(g)(3).

[3] Previously, parties have refused to disclose documents to me because they claimed they were bound not to by another court's protective order.  I imagine there are some highly-unique circumstances in which this might make sense; but I have not come across any.  Accordingly, if there is another court of general jurisdiction in which there is a protective order, then the confidential information in this case may be produced in the other case.

5. When giving confidential information to anyone (other than a court or its staff) the disclosing party must provide the recipient with a copy of this order and obtain a signed copy of the "Acknowledgment, Agreement, and Inventory" in the form attached as *Exhibit A*.

6. The parties may seek modification of this Order only after doing their dead level best[4] to agree on changes. A motion seeking modification of this Order must state whether the parties agree to the requested changes and, if unable to agree, what efforts were made.

7. If the parties wish to file confidential information under seal they must file a motion for leave, explaining in detail (1) the nature of the information (without revealing specifics of the alleged secret); (2) the relevance of the information; (3) the propriety of the information's secrecy; and (4) the reasons for sealing the information – **other than because it is subject to protection by this Order**.

8. Within 30 days of the conclusion of this case (including any appeals), all documents containing confidential information must be returned to the disclosing party unless:

(a) the document has been entered as evidence or filed (unless under seal);

(b) the parties stipulate to destruction in lieu of return; or

(c) a receiving party who has made notations or remarks on a document elects destruction in lieu of return.

IT IS SO ORDERED this 14th day of February, 2023

Billy Roy Wilson
UNITED STATES DISTRICT JUDGE

---

[4] This requires more than the typical "good-faith" attempt lawyers often make in seeking resolution of discovery disputes (*e.g.*, "we exchanged emails but couldn't agree") – try to be reasonable, diligent, and cordial.

*EXHIBIT A*

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

**ROBERT WARD**                                                                              **PLAINTIFF**

**VS.**                      **4:22-CV-00477-BRW**

**CITY OF SHERWOOD, AR, ET AL.**                                      **DEFENDANTS**

### ACKNOWLEDGMENT, AGREEMENT, AND INVENTORY

      I have received information marked confidential (as listed below) and understand disclosure of this information is governed by the Protective Order entered in this case. I have read the Protective Order, understand it, and agree to be bound by its terms.

      I understand that violating the Protective Order might result in penalties for contempt of court. I submit to the jurisdiction of the United States District Court for the Eastern District of Arkansas in matters relating to the Protective Order.

      I reserve the right to argue the information is not confidential, but will treat it as though it is confidential until the disclosing party removes the designation, or the Court orders otherwise. I agree not to disclose any confidential information to anyone other than those people to whom disclosure is allowed by the Protective Order.

The following is a list of documents marked as confidential that I have received:
_____
_____
_____
_____
_____
_____
_____
_____

Name: _____

Address: _____
_____

Signature: _____

Date: _____